The Honorable Robert S. Lasnik

FILED ____ ENTERED
LODGED ____ RECEIVED

FEB 02 2015

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEP

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JALEEL TARIQ ABDUL-JABBAAR,<br><br>Defendant. | NO. CR14-358RSL<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, Acting United States Attorney for the Western District of Washington, and Todd Greenberg, Assistant United States Attorney for said District, Defendant, JALEEL TARIQ ABDUL-JABBAAR, and his attorneys, Michael Filipovic and Kyana Givens, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment:

> *Interstate Threats*, as charged in Count 3, in violation of Title 18, United States Code, Section 875(c);

By entering the plea of guilty, Defendant hereby waives all objections to the form of the charging document and also waives any objection to venue. Defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense of *Interstate Threats*, as charged in Count 3, in violation of Title 18, United States Code, Section 875(c), are as follows:

First, the defendant knowingly and willfully transmitted a communication containing a threat to injure the person of another;

Second, the communication was transmitted in interstate commerce;

Third, the defendant intended that the communication be taken as a threat; and

Fourth, under the circumstances in which the threat was made, a reasonable person would foresee that it would be understood by persons hearing or reading it as a serious expression of an intention to injure the person of another.

3. **The Penalties.** Defendant understands that the statutory penalties for the offense of *Interstate Threats*, as charged in Count 3, in violation of Title 18, United States Code, Section 875(c), are as follows: imprisonment for up to five (5) years, a fine of up to two hundred and fifty thousand dollars ($250,000.00), a period of supervision following release from prison of up to three (3) years, and a special assessment of one hundred dollars ($100.00). If Defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or

more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of his peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on his behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

5. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and

circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

    6.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

//
//
//
//
//

7. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

Abdul-Jabbaar is the user of the Facebook page located at www.Facebook.com/Jaleel1968. Between August 2014 and November 2014, Abdul-Jabbaar posted numerous communications over this Facebook page concerning the events that took place in Ferguson, Missouri on August 9, 2014, when Ferguson Police Department Officer D.W. fatally shot Michael Brown.

Some of Abdul-Jabbaar's postings contained threats to injure Officer D.W. and/or his family members. For example, on November 11, 2014, Abdul-Jabbaar posted the message: "Are there any REAL BLACK MEN that would love to go down to Ferguson Missouri to give back those bullets that Police Officer [D.W.] fired into the body of Mike Brown. If we're unable to locate Officer [D.W.] then We'll return them to his wife and if not her then his children." This communication travelled in interstate commerce between the State of Washington and another state in which Facebook's data centers/servers are located.

Abdul-Jabbaar acknowledges that he intended for this communication to be considered as a threat, and that under all of the circumstances, a reasonable person would foresee that it would be understood by other persons as a serious expression of an intention to injure the person of another.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8. **Sentencing Factors.** The parties agree that they are free to present arguments regarding the applicability of any provisions of the United States Sentencing Guidelines. Defendant understands that at the time of sentencing, the Court is free to apply any provisions of the Sentencing Guidelines in determining Defendant's Sentencing Guidelines range.

//

//

9. **Agreement as to Sentencing Recommendation.** The government and Defendant agree to recommend the following at the time of sentencing:

A sentence of imprisonment of time served as of the date of the entry of the guilty plea;

That Defendant be placed on an appearance bond pending sentencing, and that the bond contain the following conditions, among others: (a) Defendant shall be under home detention with location monitoring; and (b) Defendant's access to the internet will be limited to job searches, work necessary for his part-time computer business, and communication with family and close friends by Skype and/or email; Defendant shall not access social media sites including, but not limited to, Facebook, Twitter and Instagram; and Defendant will permit the U.S. Probation Office to monitor his computer usage to ensure compliance with this condition;

A term of supervised release of three years, with both parties free to recommend any conditions of supervised release that they deem appropriate at the time of sentencing, with the exception that the government will not advocate for a more restrictive condition related to Defendant's allowable computer usage than is set forth immediately above with respect to the appearance bond.

10. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss Counts 1, 2, 4 and 5 of the Indictment and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant. Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad

faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

11. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted. Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of his release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

12. **Waiver of Appeal.** As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

13. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

14. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

//
//
//
//

15. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 2nd day of FEBRUARY, 2015.

_____
JALEEL TARIQ ABDUL-JABBAAR
Defendant

_____
MICHAEL FILIPOVIC
KYANA GIVENS
Attorneys for Defendant

_____
TODD GREENBERG
Assistant United States Attorney